UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JULIAN ANDREW WRIGHT         ]
    Plaintiff,                   ]
                             ]
v.                           ]    No. 3:15-0708
                             ]    Senior Judge Nixon
WARDEN BRUCE WESTBROOKS, et al. ]
    Defendants.                  ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Correctional Work Center in Murfreesboro, Tennessee.

He brings this action pursuant to 42 U.S.C. § 1983 against Bruce Westbrooks, Warden of the Deberry Special Needs Facility; Eric Qualls, former Warden of the Bledsoe County Correctional Complex; Doug Cook, present Warden at the Bledsoe County facility; Jane Doe, a transportation officer at the Charles Bass Correctional Complex; John Doe, former Warden of the Charles Bass Correctional Complex; Dr. Baker, an orthopedic surgeon at the Meharry Hospital in Nashville; Nurse Helen, a nurse practitioner at the Bledsoe County Correctional Complex; and Dr. Palcedo, a physician at Deberry; seeking damages.

While the plaintiff was confined at the Charles Bass

1

Correctional Complex, he began to experience pain in his left knee. On April 1, 2014, he boarded a bus bound for Deberry where he would have an MRI performed on the left knee.

As the bus was leaving the prison, it was involved in an accident with a local Sheriff's Department patrol car. According to the complaint, the plaintiff sat in the bus for several hours before being returned to his cell. Plaintiff's knee continued to hurt but Nurse Helen would not give him pain medication for it in the absence of a prescription from a doctor.

Two days later, the plaintiff was transported to Meharry Hospital where he was examined by Dr. Baker. An MRI of the knee revealed substantial damage. Dr. Baker immediately scheduled the plaintiff for surgery. Following surgery on the knee, Dr. Baker noted that the plaintiff would not need physical therapy. However, the plaintiff was assigned to a lower bunk and was given crutches to help him walk.

Upon his return to the Bledsoe County Correctional Complex, the plaintiff was reassigned to an upper bunk, even though he had already been approved for a lower bunk. The plaintiff complains that his knee continues to bother him and that he has been the victim of "failed medical treatment".

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege

secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

In this case, the plaintiff admits that he has received medical attention for his knee. He was transported to an outside hospital for an MRI and surgery by an orthopedic specialist. Prison staff are aware of his condition and prescribed medicine for his pain, even though the medication only helps for a short period of time and sometimes hurts his stomach. Docket Entry No.9 at pg.4. The plaintiff was given crutches to help him walk. In short, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation

of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
John T. Nixon
Senior District Judge